IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RICHARD DWORAK | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| V. | § | CIVIL ACTION NO. B02-020 |
| | § | |
| AMERICAN RED CROSS AND | § | |
| HENRY MARTINEZ | § | |
| | § | JURY DEMANDED |
| Defendants | § | |

FEB 1 3 2002

## MOTION TO TRANSFER VENUE AND ANSWER
## OF THE AMERICAN NATIONAL RED CROSS

The American National Red Cross, (the "Red Cross"), incorrectly named as American Red Cross, one of the Defendants, files this motion to transfer venue and answer to the petition of Richard Dworak, the Plaintiff.

## MOTION TO TRANSFER VENUE

Pursuant to 28 U.S.C.§ 1404, the Red Cross requests that the Court transfer venue of this case from the Southern District of Texas, Brownsville Division to the Southern District of Florida, Miami Division, and respectfully shows as follows:

This is a case that arises out of an accident involving the alleged negligent driving of a Red Cross emergency response vehicle ("ERV"). The Red Cross, at the time of the incident, was mobilized in Florida to provide immediate disaster relief in the aftermath of Hurricane Irene. Plaintiff and Defendants were in Miami, Florida engaged in serving food to people in need. Plaintiff alleges that while riding in the ERV, the driver, Henry Martinez, improvidently "swerved" the vehicle causing several food trays to dislodge from their resting place and to strike Plaintiff.

This accident occurred in Miami, Florida. Based on information and belief, Henry Martinez is a resident of Miami, Florida. The accident was reported to Ms. Kristine De Quieroz, a person located in Sweetwater, Florida who was assisting the Red Cross in its relief effort. Not surprisingly, Florida has a keen interest in whether the Red Cross is subject to liability for the allegations in Plaintiff's suit. Therefore, this Court should transfer this case to the Southern District of Florida, Miami Division, for the convenience of the Defendants, their material witnesses, and in the interests of justice. The Red Cross intends to file a memorandum and affidavits in support of this motion within thirty (30) days.

## ANSWER

1. The Red Cross is without knowledge or information sufficient to form a belief as to the truth of paragraph I.a. of Plaintiff's petition and therefore it is denied.

2. The Red Cross denies paragraph I.b. of Plaintiff's petition.

3. The Red Cross is without knowledge or information sufficient to form a belief as to the truth of paragraph I.c. of Plaintiff's petition and therefore it is denied.

4. The Red Cross is without knowledge or information sufficient to form a belief as to the truth of paragraph "Nature of the Case," of Plaintiff's petition and therefore it is denied.

5. Paragraph III. of Plaintiff's petition is a purported statement of law which the Red Cross has no obligation either to affirm or deny and therefore denies same. To the extent that it is not a purported statement of law, the Red Cross is without knowledge or information sufficient to form a belief as to the truth of paragraph III. of Plaintiff's petition and therefore it is denied.

6. The Red Cross is without knowledge or information sufficient to form a belief as to the truth of paragraph III., of Plaintiff's petition and therefore it is denied.

7. The Red Cross is without knowledge or information sufficient to form a belief as to the truth of paragraphs V.a., V.b., and V.c. of Plaintiff's petition and therefore it is denied.

8. The Red Cross denies paragraph VI. of Plaintiff's petition.

9. The Red Cross denies paragraph VII. of Plaintiff's petition.

10. The Red Cross is without knowledge or information sufficient to form a belief as to the truth of paragraph VIII. of Plaintiff's petition and therefore it is denied.

11. The Red Cross denies Plaintiff's prayer for relief in Plaintiff's petition.

12. The Red Cross pleads contributory negligence as a proximate cause.

13. The Red Cross pleads that Plaintiff has failed to mitigate its damages, if any.

14. The Red Cross respectfully demands a trial by jury.

The Red Cross respectfully prays that the Court transfer this case to the Southern District of Florida, Miami Division, and that Plaintiff take nothing, and for all costs, and for all other just relief.

Respectfully submitted,

WATT, BECKWORTH & THOMPSON, L.L.P.

BY: /s/
JOHN B. BECKWORTH
State Bar #02021500
Fed. I.D. #1546
1010 Lamar, Suite 1600
Houston, Texas 77002
Telephone: 713/650-8100
Facsimile: 713/650-8141
Attorney-in-Charge for
The American National Red Cross, Defendant

OF COUNSEL:

NEAL NOBLES
State Bar #24007753
Fed. I.D. #23078
WATT, BECKWORTH & THOMPSON, L.L.P.
1010 Lamar, Suite 1600
Houston, Texas 77002
Telephone: 713/650-8100
Facsimile: 713/650-8141

## CERTIFICATE OF SERVICE

A copy of the foregoing Notice of Removal was sent via regular U.S. mail, postage prepaid, this 7 day of February, 2002.

R.W. Armstrong
R.W. Armstrong & Associates, Inc.
2600 Old Alice Road, Suite A
Brownsville, Texas 78521

                                             JOHN B. BECKWORTH

JURY DEMANDED