United States District Court
Southern District of Texas
FILED

MAY 21 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RICHARD DWORAK, | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. B-02-020 |
| v. | § | |
| | § | |
| AMERICAN RED CROSS AND HENRY MARTINEZ, | § | JURY DEMANDED |
| Defendants. | § | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(f) OF THE FEDERAL RULES OF CIVIL PROCEDURE

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes Plaintiff, Richard Dworak, and, subject to its Motion to Transfer Venue, one of the Defendants, The American National Red Cross (the "Red Cross") and files their Joint Discovery/Case Management Plan Under Rule 26(f) of the Federal Rules of Civil Procedure and pursuant to the order of the Court.

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

**RESPONSE**:

The meeting was held May 20, 2002, by telephone between T. Neal Nobles, counsel for the Red Cross, and Michael R. Cowen, counsel for Richard Dworak.

2. List the cases related to this one that are pending in any state or federal court, with the case number and court.

**RESPONSE**:

None.

3. Specify the allegation of federal jurisdiction.

**RESPONSE**:

This Court has federal subject matter jurisdiction under 36 U.S.C. § 300105(a)(5), and pursuant to *American Red Cross vs. S. G. & A. E.*, 505 U.S. 247, 112 S.Ct. 2465, 2467 (1992).

4. Name the parties who disagree and the reasons.

**RESPONSE**:

No parties disagree.

5. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

**RESPONSE**:

At this point, neither party believes additional parties need to be included; however, Plaintiff has not yet served Defendant Henry Martinez.

6. List anticipated interventions.

**RESPONSE**:

None anticipated.

7. Describe class-action issues.

**RESPONSE**:

None.

8. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

**RESPONSE**:

Parties have not made initial disclosures, but will do so ten days after the Court rules on the venue motion.

9. Describe the proposed agreed discovery plan, including:

   A. Responses to all the matters raised in Rule 26(f).

**RESPONSE**:

The discovery period shall extend for six months from the date the Court rules on the venue motion. The parties agree to comply with the requirements of Rule 26(f).

   B. When and to whom the plaintiff anticipates it may send interrogatories.

**RESPONSE**:

Plaintiff anticipates sending interrogatories to the Red Cross and/or its corporate representatives within thirty days of the Court's ruling on the venue motion.

  C. When and to whom the defendant anticipates it may send interrogatories.

**RESPONSE**:

The Red Cross anticipates sending interrogatories to Plaintiff Richard Dworak. It anticipates sending those Interrogatories to Richard Dworak within thirty days after the Court rules on the venue motion.

  D. Of whom and by when the plaintiff anticipates taking oral depositions.

**RESPONSE**:

Plaintiff anticipates taking oral depositions of corporate representatives of Defendant, Henry Martinez, and Plaintiff's treating doctors within the discovery period.

  E. Of whom and by when the defendant anticipates taking oral depositions.

**RESPONSE**:

The Red Cross anticipates taking the oral depositions of the Plaintiff Richard Dworak within sixty days of the Court's ruling on the venue motion. It also anticipates taking the depositions of all treating physicians, medical care providers, and other rehabilitation therapists, and possibly co-workers of Mr. Dworak. These depositions will take place within the discovery period.

  F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

**RESPONSE**:

Plaintiff intends to designate experts and provide reports required by Rule 26(a) not less than sixty days prior to the end of the discovery period. The Red Cross will be able to designate experts and provide their reports not less than thirty days prior to the end of the discovery period.

  G. List expert depositions the Plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**RESPONSE**:

Plaintiff anticipates taking the expert depositions of medical care providers or other medical and liability experts to be designated at a future date not less than sixty days prior to the end of the discovery period.

  H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**RESPONSE**:

The Red Cross anticipates taking the depositions of the aforementioned medical care providers or other medical and liability experts to be designated at a future date not less than thirty days prior to the end of the discovery

10. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

**RESPONSE**:

The parties agree on the Discovery Plan.

11. Specify the discovery beyond initial disclosures that has been undertaken to date.

**RESPONSE**:

None.

12. State the date the planned discovery can reasonably be completed.

**RESPONSE**:

December 4, 2002.

13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

**RESPONSE**:

After initial discovery the claim may be ripe for prompt settlement or resolution.

14. Describe what each party has done or agreed to do to bring about a prompt resolution.

**RESPONSE**:

The parties agree to use good faith efforts to bring about a prompt resolution to this case.

15. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.

**RESPONSE**:

Mediation is the alternative dispute technique that is reasonably suited for this case.

16. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

**RESPONSE**:

The parties are considering but have not yet decided on this issue.

17. State whether a jury demand has been made and if it was made on time.

**RESPONSE**:

A jury demand was made on time in this case.

18. Specify the number of hours it will take to present the evidence in this case.

**RESPONSE**:

Twenty-four hours to present the evidence in this case.

19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

**RESPONSE**:

The Red Cross' Motion for Leave to File Memorandum in Support of Motion to Transfer Venue of the American National Red Cross and the Motion to Transfer Venue of the American National Red Cross are motions that are pending that could be ruled on at the initial Pre-Trial and Scheduling Conference.

20. List other motions pending.

**RESPONSE**:

There are no pending motions other than those listed in response to No. 19 above.

21. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

**RESPONSE**:

None other than those addressed in the venue motion.

22. List the names, bar numbers, addresses, and telephone numbers of *all* counsel.

Mr. Michael R. Cowen
Federal I.D. No. 19967
Michael R. Cowen, P.C.
765 E. 7th Street, Suite A
Brownsville, Texas 78520-5317

Mr. John Beckworth
Federal I.D. No. 1546
Mr. Neal Nobles
Federal I.D. No. 23078
WATT, BECKWORTH & THOMPSON, L.L.P.
1010 Lamar, Suite 1600
Houston, Texas 77002

Respectfully submitted,

**WATT, BECKWORTH & THOMPSON, L.L.P.**

BY: _____
JOHN B. BECKWORTH
State Bar #02021500
Fed. I.D. # 1546
WATT, BECKWORTH & THOMPSON, L.L.P.
1010 Lamar, Suite 1600
Houston, Texas 77002
Telephone: 713/650-8100
Facsimile: 713/650-8141
Attorney-in-Charge for The American National Red Cross, Defendant

BY: _____
MICHAEL R. COWEN
Federal I.D. No. 19967
Michael R. Cowen, P.C.
765 E. 7th Street, Suite A
Brownsville, Texas 78520-5317
Telephone: 956/541-4981
Facsimile: 956/504-3674
Attorney-in-Charge for Richard Dworak, Plaintiff