UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 0 3 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| RICHARD DWORAK § | |
| § | |
| V. § | C. A. No. B-02-020 |
| § | |
| AMERICAN RED CROSS and § | |
| HENRY MARTINEZ § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO TRANSFER VENUE**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff Richard Dworak files this his Plaintiff's Response to Defendant's Motion to Transfer Venue. In this response, Plaintiff shows the Court that it should deny Defendant's Motion to Transfer Venue.

**I.**

**DEFENDANTS FAILED TO PRODUCE THE
EVIDENCE NECESSARY TO SUPPORT A TRANSFER**

To obtain a transfer of venue, Defendant must produce evidence, such as discovery or affidavits, and that evidence must contain detailed, factual statements supporting the grounds stated in the motion. *See, e.g., Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 756-57 & n.2 (3rd Cir. 1973) (finding no evidence to support the district court's transfer order and giving examples of evidence that would have been appropriate); *Simon v. Ward*, 80 F. Supp. 2d 464, 471 (E.D. Pa. 2000) (finding that defendants failed to provide any evidence of factors in support of a decision to transfer). Mere conclusory assertions of inconvenience will not justify a transfer. *Scheidt v. Klein*, 956 F.2d 963, 966 (10th Cir. 1992).

In the case at bar, Defendant failed to produce any evidence in support of its motion to transfer. Therefore, Defendant has failed to meet its burden, and the Court should deny the motion.

## II.

## THE COURT SHOULD NOT TRANSFER VENUE

Even if the Court overlooks Defendant's failure to support its motion with evidence, the Court should still deny Defendant's motion to transfer venue. When all of the factors are considered, Florida is simply not a more convenient venue for this case than the Southern District of Texas.

A paramount consideration in determining whether to permit a transfer is always Plaintiff's choice of forum. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947). Unless the balance tips heavily in favor of transfer, the Plaintiff's choice should not be disturbed. *Id.* In this case, Plaintiff has selected venue in the Southern District of Texas because he resides here, and because most of the witnesses that will testify in this case are located here.

Most of the witnesses who will be called to testify in this case are located in the Southern District of Texas. Those witnesses are listed below:

1. Plaintiff Richard Dworak resides in Cameron County, Texas. He is a crucial fact witness as to both how the accident happened (liability) and its effects on him (damages).

2. Dr. Joesph Paen with Pulmonary Associates of Harlingen is located in Cameron County, Texas. He is one of Plaintiff's treating physicians, and his testimony is necessary on damages.

3. The custodian of records for Dr. Paen and Pulmonary Associates of Harlingen is located in Cameron County, Texas.

4. Dr. Harry Haas with Port Isabel Health Clinic is located in Cameron County, Texas. He is one of Plaintiff's treating physicians, and his testimony is necessary on damages.

6. The custodian of records for Dr. Hass and Port Isabel Health Clinic is located in Cameron County, Texas.

7. Michael Huckabee resides in Cameron County, Texas. He is with the Red Cross, and is the person who sent Plaintiff to Florida.

8.      Irene Dworak is Plaintiff's wife. She will testify as to the effects of his injuries.

In contrast, Defendant has only listed one key witness, Henry Martinez. However, Mr. Martinez can be deposed on videotape, allowing the jurors to see and hear his testimony. Moreover, any inconvenience to Defendant in having to either get Martinez to travel to Texas or to take his videotaped deposition is outweighed by the fact that Plaintiff has eight witnesses in South Texas, all of whom would be greatly inconvenienced if this case is transferred to Florida.

Another factor that weighs in favor of retaining venue in the Southern District of Texas is the location of counsel. *See Robertson v. Kiamichi Railroad Co., L.L.C.*, 42 F. Supp. 2d 651, 655 (E.D. Tex. 1999) (location of counsel is a factor to be considered in determining venue motions). Both Plaintiff's and Defendant's counsel are located in the Southern District of Texas.

The public interests cited by Defendant in its motion do not justify a transfer of venue. First, transfer would have no effect on the fair and efficient administration of justice. Defendant has not produced any evidence to support its argument that Plaintiff would have to pursue to separate lawsuits if transfer is denied. Further, a defendant is cannot assert the plaintiff's inconvenience as a reason to transfer. *See American Can Co. v. Crown Cork & Seal Co.*, 433 F. Supp. 333, 338 (E.D. Wis 1977). Therefore, any alleged inconvenience to Plaintiff in having to supposedly litigate two lawsuits is irrelevant.

Second, Texas has as much of an interest in this case as Florida. Plaintiff, like many other Texas residents, was recruited from this state to do volunteer work for the Red Cross. Plaintiff was then injured in the line of duty due to the Red Cross' negligence. Texas has an interest in ensuring that its citizens are protected when they go out to assist residents of other states. Further, the Red Cross has a presence in Texas, which is another factor giving Texas an interest in this case.

Similarly, Texas jurors have as much interest as Florida jurors in sitting on this case.

Plaintiff is a Texas resident, and Texas jurors have an interest in determining whether their neighbors are entitled to just compensation for their injuries.

Finally, the application of Florida law in this case will not be a problem for this Court. The factor of whether a court will be familiar with the law governing the case is not given great weight in deciding a motion to transfer, especially where the applicable state law appears to be clear. *See, e.g. Sorrels Steel Co. v. Great Southwest Corp.*, 651 F. Supp. 623, 630 (S.D. Miss. 1986). Defendant has not even pointed out any way that Florida negligence law is different that Texas negligence law. This case involves a simple car wreck; Plaintiff has no doubt that the Court is "educable" on Florida negligence law. *See Emrick v. Ford*, 800 F. Supp. 482, 484 (E.D. Tex. 1992) (noting that the district court was "educable" on the applicable law, so choice of law did not weigh in favor of transfer).

In conclusion, given that Defendant pulled Plaintiff from Texas to Florida and put him in the vehicle that led to his injuries, and that most of the witnesses and all of the counsel reside in South Texas, the Court should deny Defendant's Motion to Transfer Venue.

Respectfully submitted,

MICHAEL R. COWEN, P.C.
765 E. 7th Street, Suite A
Brownsville, Texas 78520
Telephone (956) 541-4981
Facsimile (956) 504-3674

MICHAEL R. COWEN
State Bar No. 00795306
Federal I.D. No. 19967

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been forwarded as indicated below on this 3rd day of June, 2002, to:

| | |
|---|---|
| John B. Beckworth<br>Neal Nobles<br>Watt, Beckworth & Thompson, L.L.P<br>1010 Lamar, Suite 1600<br>Houston, TX 77002<br><br>ATTORNEY FOR DEFNDANT<br>AMERICAN RED CROSS | **Fax No.: 713-650-8141**<br>**& Regular U.S.Mail** |

_____
Michael R. Cowen

STATE OF TEXAS              }
                            }
COUNTY OF CAMERON   }

### AFFIDAVIT OF MICHAEL R. COWEN

On this day came before me Michael R. Cowen, a person known to me, who deposed upon his oath as follows:

"My name is Michael R. Cowen. I am over the age of twenty-one, have never been convicted of a felony, and am competent to give this affidavit.

I am an attorney licensed by the State of Texas and admitted to practice in the Southern District of Texas. I represent Plaintiff Richard Dworak in the lawsuit styled and numbered Civil Action No. B-02-20, *Richard Dworak v. American Red Cross and Henry Martinez*.

If this case proceeds to trial, I anticipate calling a number of witnesses who I believe reside in Texas. These witnesses include:

1. Plaintiff Richard Dworak resides in Cameron County, Texas. He is a crucial fact witness as to both how the accident happened (liability) and its effects on him (damages).

2. Dr. Joesph Paen with Pulmonary Associates of Harlingen is located in Cameron County, Texas. He is one of Plaintiff's treating physicians, and his testimony is necessary on damages.

3. The custodian of records for Dr. Paen and Pulmonary Associates of Harlingen is located in Cameron County, Texas.

4. Dr. Harry Haas with Port Isabel Health Clinic is located in Cameron County, Texas. He is one of Plaintiff's treating physicians, and his testimony is necessary on damages.

6. The custodian of records for Dr. Hass and Port Isabel Health Clinic is located in Cameron County, Texas.

7. Michael Huckabee resides in Cameron County, Texas. He is with the Red Cross, and is the person who sent Plaintiff to Florida.

8. Irene Dworak is Plaintiff's wife. She will testify as to the effects of his injuries.

Further, I reside in Brownsville, Texas. It would be impracticable for me to continue to represent Plaintiff in this car wreck case if the case is transferred to Florida. The transactional costs would be too great to justify my representing Plaintiff in this case."

_____
Michael R. Cowen

SUBSCRIBED AND SWORN TO before me, the undersigned Notary Public, on this 3rd day of June, 2002.



_____
Notary Public, State of Texas