*16*

# Civil Courtroom Minutes

| | |
|---|---|
| JUDGE | Hilda G. Tagle |
| CASE MANAGER | Stella Cavazos |
| LAW CLERK | ☐ Roberts   ■ Lehrman |
| DATE | 06 – 04 – 02 |
| TIME | ___ a.m. – ___ a.m. |
| | 2:15 p.m. – 2:30 p.m. |
| CIVIL ACTION | B – 02 – 20 |
| STYLE | Richard Dworak<br>*versus*<br>American Red Cross and Henry Martinez |

United States District Court
Southern District of Texas
FILED

JUN 0 4 2002

Michael N. Milby
Clerk of Court

DOCKET ENTRY

(HGT) ☒ Scheduling Conference   (Court Reporter: Breck Record)

Attorney(s) for Plaintiff(s):

    Michael Cowen (attorney of record)

Attorney(s) for Defendant(s):

    1. American Red Cross- T. Neal Nobles (appearing)

    2. Henry Martinez- not served.

    The Court addressed the motion to transfer. The Court asked Mr. Cowen about who was responsible for securing the trays, and who those witnesses would be. Mr. Cowen stated that the only witness who would know would be his client, Mr. Dworak, and maybe Henry Martinez. The allegation is that Defendants were negligent in the way the trays were secured, so that treatment witnesses who are here are less important than those who were there at the event and can testify about fastening the trays. Mr. Cowen disagrees that its less important. It is harder to get a physician to come to Fla. from here, and the Red Cross will have no problem moving its witnesses around.

    The Court said that physicians often testify by videotape. If Martinez is not amenable to process in Texas, and the Court speculates that if these are all volunteers who were involved, how can they be brought here? Mr. Cowen concedes that they cannot be brought here, but states that this is all

speculation and it is Defendant's burden. They have not shown that hypothetical witnesses cannot travel. Plus, this is Plaintiff's choice of forum, he will be prejudiced and cannot afford to litigate his case in Fla.

The Court asked about what Plaintiff was doing in the van. Mr. Cowen's understanding is that he was riding in the back of the van, the driver swerved, the trays fell, Plaintiff cracked ribs, and got a contusion to lungs. No one knows if the driver or Plaintiff was responsible for securing the trays.

Mr. Nobles stated that usually the copilot secures the trays and the driver just drives. Also the Plaintiff alleges negligence in driving. The only person who would know is Mr. Martinez, and the Red Cross can't compel him here. No one can find Martinez. Plaintiff states that Martinez is a Fla. resident. He cases say that if parties can't compel a liability witness, if the key witness can't be compelled it severely prejudices the case.

The Court asked why Mr. Nobles hadn't put on any evidence. Mr. Nobles didn't think he had to attach an affidavit. Even if he was, the locus of accident happened in Fla., and no facts in dispute happened in TX. All disputed facts happened in Fla. Fla. law would apply. There is no problem with presenting damages witnesses by video deposition. Fla. also has a greater interest in this case. There is no reason to burden TX courts and a jury because nothing has anything to do with Brownsville except that Plaintiff lives here.

Mr. Cowen disagrees. His client was contacted by the Red Cross, and they put him in an unsafe vehicle. He does not know where the vehicle is now. Mr. Cowen says it has been reloaded and reused since that time. He does not know if the vehicle is in Florida. No evidence has been presented to that effect. This is not a big case- we are only in federal court because congress made it a federal case. This is too expensive for Plaintiff to litigate in Florida.

The Court again mentioned the witness who is the only one who knows what happened. For that reason the motion to transfer venue is **GRANTED**.